UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
KATHLEEN J. O'SHEA,

                Plaintiff,

      -against-                              ***COMPLAINT***
                                                                                       7823CV07

ALLIANCEONE RECEIVABLES
MANAGEMENT INC.,

                Defendant.

---------------------------------------------------------------X

      Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for her complaint against the Defendant, AllianceOne Receivables Management Inc., alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2. Plaintiff is a natural person residing in New York, New York.

3. Upon information and belief, defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its executive office and principal place of business in Exton, Pennsylvania.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331.

## AS AND FOR A FIRST CAUSE OF ACTION

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6. That a personal debt was allegedly incurred by the plaintiff from one Chase Bank USA.

7. That at a time unknown to the plaintiff herein, the aforementioned debt was referred and or assigned to the defendant for collection.

8. That the defendant sent various letters to the plaintiff. A copy of one such letter is attached hereto and made part hereof.

9. That Plaintiff has been receiving phone calls from the Defendant through numerous random representatives over a year period.

10. That Plaintiff is unemployed, and a single mother supporting two children and this information was shared with the Defendant.

11. Plaintiff received frequent phone calls and numerous messages daily from Defendant's representative, William Moore (hereafter, Moore).

12. On or about June 1, 2007 the plaintiff received an emotionally upsetting telephone call from Defendants representative, whereby Moore advised the Plaintiff in regards to her outstanding balance and subsequently transferred the phone to Moore's "supervisor" who began raising her voice and aggressively and boisterously asking numerous personal questions of the Plaintiff.

13. That said "supervisor" threatened the Plaintiff by screaming that she was "going to make sure that she will personally see to it that *fraud charges* were brought against" the Plaintiff, and how the Plaintiff "will see that she is not playing around and how she is really going to fit" the Plaintiff "real good!".

14. That Plaintiff requested that the supervisor return the phone to Moore or another representative; yet, the supervisor abruptly refused and stated that the Plaintiff "has *no rights at all*" and there was "not a *legal thing* she can do about it" and the Plaintiff "was

going to "deal with her" and that was "*tough shit!*".

15. That upon information and belief the "supervisor" repeatedly called the Plaintiff every 30 minutes as early as 7 a.m. and ending at 11 p.m. on several different occasions, including Saturday and Sunday.

16. That Plaintiff tried to contact Moore on several occasions and the "supervisor" repeatedly took the phone and tried speaking to the Plaintiff.

17. That "supervisor" told the Plaintiff to "be responsible and give her the checking account number" and other personal information.

18. On or about April 1, 2007, "supervisor" threatened to have a "judgement of credit card fraud" and stated, "it's okay, I am personally going to *sign off this debt as credit card fraud* and that's what I'm going to do to you... you haven't sent in a payment in a long time and we've called so many times and sent letters that this was your *last chance*, so good luck lady because when you receive the next document it will be for *legal charges of credit card fraud* and you will have to *pay all the legal fees as well!*"

19. That as a result of the various harassing telephone communication with the Defendant s representative, the Plaintiff felt she was having a panic attacks because her heart started racing, she began shaking and being extremely upset, feeling that the supervisor was going to personally cause her pain and suffering with her threat.

20. On or about June 8, 2007 Plaintiff sent a certified dispute letter to two (2) different addresses of the Defendant asking to stop communication through telephone and to continue only through mail.

21. Those two certified dispute letters were delivered on June 11, 2007 in Feasterville Trevose, PA 19053 (Receipt #7006 3450 0000 5483 1259) and SouthEastern, PA 19398 (Receipt # 7006 3450 0000 5483 1242).

22. That despite a written request to communicate in writing, Plaintiff continued to receive calls and messages on her answering machine from the Defendant's agents and representatives.

23. The Plaintiff's son, Brian O'Shea (hereafter, Brian) received many calls from the Defendant whereby Defendant's representative discussed the "account" with her son and began asking various personal questions about the Plaintiff.

24. That Brian repeatedly requested that the Defendant cease from these harassing phone calls and that Defendant indicated that "if your mother doesn't call us she will be sorry! We will take this to the next level..."

25. That the Defendants actions caused additional and unnecessary stress for the plaintiff.

26. That the plaintiff suffers and has suffered from severe anxiety which was seriously aggravated by means of defendants's conduct.

27. Defendants conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (c), (d), (e), and (f) in that communications the third parties and to the plaintiff by the defendant are false, deceptive, unfair, threatening and suggestive of criminal behavior and done in furtherance of abusing the plaintiff to coerce payment of a disputed debt, under duress and harassment.

28. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, defendant is liable to the plaintiff and all members similarly situated for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus actual damages and treble damages, costs and attorney's fees.

**WHEREFORE,** plaintiff respectfully prays that judgment be entered against defendant in the amount of:

    (a) Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

    (b) Actual damages and treble damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

 (c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

 (d) For such other and further relief as may be just and proper.

Dated: New York, New York
   August 27, 2007

_____

Amir J. Goldstein, Esq. (AG-2888)
Attorney at Law
**Attorney for the Plaintiff**
591 Broadway, #3A
New York, New York 11012
(212) 966- 5253 phone
(866) 288- 9194 fax

Plaintiff requests trial by jury on all issues so triable.

_____

Amir J. Goldstein  (AG-2888)