UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KATHLEEN J. O'SHEA,                              Civil Action No: CV 07-7823
                     Plaintiff,
    - against-                                 **ANSWER WITH**
                                       **AFFIRMATIVE DEFENSES**

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.,

                     Defendant,
------------------------------------------------------------------------X   Date: September 24, 2007

## ANSWER TO COMPLAINT

Defendant, ALLIANCEONE RECEIVABLES MANAGEMENT, INC. (hereinafter "DCS"), by its attorneys, Winston & Winston, P.C., as and for its Answer, Affirmative Defenses as follows:

### INTRODUCTION

1. Paragraph 1 in general recites the relief Plaintiff is seeking as to which no response is required. To the extent that Paragraph 1 suggests or alleges that the defendant violated any laws, or that said actions are subject to a class action, defendant denies said allegations.

### PARTIES

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3. Defendant admits that its executive offices and principal place of business are in Exton, Pennsylvania, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 3.

## JURISDICTION

4.  Paragraph 4 contains legal conclusions as to which no response is required. To the extent that Paragraph 4 suggests or alleges that the defendant violated any laws, defendant denies said allegations.

## DEFENDANT'S ANSWER TO THE FIRST CAUSE OF ACTION

5.  Defendant restates, realleges and incorporates herein Defendant's answers in response to Paragraphs 1 through 4 as it fully sets forth in this count.

6.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 as Plaintiff's allegation is vague with respect to a personal debt allegedly incurred.

7.  Defendant admits that the account was forwarded to defendant for collection, but denies the remaining allegations in Paragraphs 7.

8.  Defendant admits that it sent a letter to plaintiff, a copy of which is included as a part of but not all of the attachment to the complaint, but denies the remaining allegations set forth in Paragraph 8.

9.  Defendant admits the allegations set forth in Paragraph 9 to the extent that telephone calls were made to the plaintiff, but denies the remaining allegations.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 10 and 16.

11. Defendant admits the allegations set forth in Paragraph 11 to the extent that William Moore made attempts by telephone to call to the plaintiff, but denies the remaining allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraphs 12, 13, 14, 15, 17, 18, 23 & 24; and further asserts that it has no record of any telephone calls on April 1st or June 1st, 2007.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 19, 20, 21, 25 and 26. To the extent that Paragraphs 19, 20, 21, 25 & 26 suggests or alleges that the defendant violated any laws, or caused any damages to the plaintiff, defendant denies said allegations.

14. Defendant denies the allegations set forth in Paragraph 22, and further asserts that after first receiving a written request to cease communication from Plaintiff on or about June 12, 2007, Defendant in fact ceased communication.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 as Plaintiff's allegation is a fragmented sentence, and is vague and conclusory with respect what actions Defendant engaged in that violation of 15 U.S.C. 1692 et seq. To the extent that Paragraph 27 suggests or alleges that the defendant violated any laws, or caused any damages to the plaintiff, defendant denies said allegations.

16. Paragraph 28 contains legal conclusions as to which no response is required. To the extent that Paragraph 28 suggests or alleges that the defendant violated any laws, or that said actions are subject to a class action, defendant denies said allegations.

17. Defendant objects to requests set forth in the "Wherefore" clause of the complaint.

18. Defendant objects to Plaintiff's request for a jury trial.

**DEFENDANT'S FIRST AFFIRMATIVE DEFENSE**

19. If there was a violation, said violation was not intentional and resulted from a bona fide error, notwithstanding maintenance of procedures adapted to avoid such errors.

**DEFENDANT'S SECOND AFFIRMATIVE DEFENSE**

20. If there was non-compliance, the alleged non-compliance was not frequent, persistent or intentional.

## DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

21. Plaintiff has initiated this litigation with unclean hands, as has made allegations seeking statutory damages in excess of the statute, namely treble damages and $1000 per violation, not $1000 per case.

## DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

22. Plaintiff has failed to state a cause of action up which relief may be granted as Plaintiff's alleged claims were committed by a third party, not the defendant.

## DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE

23. Defendant is the wrong party. Defendant has no record of receiving calls from Plaintiff. Defendant has no records of making any calls on April 1, 2007 and June 1, 2007. Defendant has no records of any calls being made after receiving the cease communication request from the Plaintiff.

## DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE

24. Plaintiff has failed to mitigate damages. Plaintiff failed to verify that it was pursuing the correct party.

## DEFENDANT'S FIRST COUNTERCLAIM

WHEREFORE, Defendant ALLIANCEONE RECEIVABLES MANAGEMENT, INC prays for Judgment dismissing Complaint and for such other and further relief as to this Court may seem just and proper.

Dated: September 24, 2007
　　　　New York, New York           /s/ Jay Winston
　　　　　　　　　　　　　　　　　　JAY WINSTON
　　　　　　　　　　　　　　　　　　WINSTON & WINSTON, PC.
　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　295 Madison Avenue, Suite 930
　　　　　　　　　　　　　　　　　　New York, NY 10017
　　　　　　　　　　　　　　　　　　Tel: (212) 922-9482
　　　　　　　　　　　　　　　　　　Fax: (212) 922-9484

TO:   Amir J. Goldstein, Esq.

Attorney at Law
Attorney for Plaintiff
591 Broadway, Suite 3A
New York, NY, 10012
Tel:  (212) 966 5253
Fax: (212) 288-9194